UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-00349-AH-RAO | Date | January 30, 2026 |
| Title | *Victor Hugo Haro Gomez v. Mark Bowen et al.* | | |

Present: The Honorable   Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER GRANTING PETITIONER'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 3)

Before the Court is an *ex parte* application for a Temporary Restraining Order ("TRO") filed by Petitioner Victor Hugo Haro Gomez ("Petitioner"). Appl., Dkt. No. 3. Respondents Mark Bowen, Kristi Noem, Pamela Bondi, and the Executive Office for Immigration Review ("Respondents") filed a response. Resp., Dkt. No. 7. The Court heard oral argument on January 30, 2026. At the hearing, the Court converted Petitioner's application for temporary restraining order into a motion for preliminary injunction, without objection by the parties. For the following reasons, the Court **GRANTS** Petitioner's Motion.

I.   BACKGROUND

Petitioner, a native and citizen of Mexico, entered the United States without inspection in 2002. Pet., Dkt. No. 1 at 4. On January 12, 2026, Petitioner was detained at Long Beach Airport and then transferred to the Adelanto Detention Facility. *Id*. at 5. On or around the same day, Petitioner was issued a Notice to Appear in immigration court in Adelanto, CA. *Id*. Petitioner alleges that he has no criminal history, is married to a United States citizen, and is a business owner.

*Id*. at 4.  Petitioner alleges that he has not been provided with a bond hearing.  *Id*. at 5.  On January 27, 2026, Petitioner filed a petition for writ of habeas corpus seeking immediate release from custody, or alternatively, a bond hearing under 8 U.S.C. § 1226(a) within seven days.  *See generally* Pet.

Petitioner alleges that his arrest and detention violate the Fourth Amendment, and that his detention violates the Fifth Amendment, 8 U.S.C. § 1226(a), the declaratory judgment issued in *Maldonado Bautista v. Santacruz*, Case No. 5:25-cv:01873-SSS-BFM, and the Administrative Procedure Act.  *See generally* Pet.  On the same day, Petitioner filed the instant *ex parte* application for a TRO requiring Respondents to release him from custody or to provide him with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).  *See generally* Appl.  Respondents filed a response on January 29, 2026.  *See generally* Resp.

## II.     LEGAL STANDARD

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  Under *Winter*, a plaintiff seeking an injunction must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction."  *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir. 2014) (citing *Winter*, 555 U.S. at 20).  When "the nonmovant is the government, the last two *Winter* factors merge."  *Id.* (internal quotation marks and citations omitted).

Courts in the Ninth Circuit also employ a "sliding scale" approach, also known as the "serious questions" test, in which the four *Winter* elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another."  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).  Under this approach, "'serious questions going to the merits" and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met."  *Id.*  Serious questions are those that "cannot be resolved one way or the other at the hearing on the injunction because they require more deliberative investigation.  Thus, parties do not show serious questions when they raise a merely plausible

claim." *Assurance Wireless USA, L.P. v. Reynolds*, 100 F.4th 1024, 1031 (9th Cir. 2024) (internal quotation marks and citations omitted).

### III.   DISCUSSION

Petitioner has demonstrated that he is entitled to an order requiring an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).  Respondents concede that Petitioner "appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*" and "that Petitioner's claim in this action as to his entitlement to a bond hearing appears to be subject to the *Bautista* judgment."  Resp. at 1.  Nonetheless, in the petition, Petitioner asserts that despite that final judgment in *Maldonado Bautista*, Respondents have continued to refuse to provide Petitioner with an individualized bond hearing.[1]  Pet. at 12.  The Court finds persuasive the reasoning in *Maldonado Bautista* and at least ten other courts in this district which have addressed the same legal issues presented here and have granted similar requests for TROs, and the Court concludes that relief is warranted here.  *See Maldonado Bautista v. Santacruz*, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) and 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025); *see also Zavala v. Noem*, 2025 WL 3514086, at *2 (C.D. Cal. Dec. 4, 2025) (collecting cases).

In particular, the Court concludes that (1) Petitioner is likely to succeed on the merits of his claim that his ongoing detention is unlawful because 8 U.S.C. § 1226(a) governs his detention; (2) Petitioner is likely to suffer irreparable injury in the absence of a preliminary injunction because detention constitutes a loss of liberty that is irreparable; and (3) the balance of equities and public interest weigh in favor of a preliminary injunction because "neither equity nor the public's interest are furthered by allowing violations of federal law to continue." *Galvez v. Jaddou*, 52 F.4th 821, 832 (9th Cir. 2022).  Respondents argue that "[t]o the extent Petitioner seeks an order requiring such a bond hearing here, it should be consistent with what Courts in this District have generally ordered in similar cases,

---

[1] Although Respondents do not address why Petitioner has not been provided an individualized bond hearing, to the extent it is because of the BIA's opinion in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), that opinion is not binding on this Court and the Court does not find its reasoning persuasive, for the reasons set forth in the opinions referenced herein.

which is to require an 8 U.S.C. § 1226(a) hearing be held where Petitioner has the burden of proof to show he is not a danger or flight risk." Resp. at 1. For the reasons more fully discussed at the hearing, the Court agrees.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS Petitioner's Motion and orders as follows:

1. Respondents are enjoined from continuing to detain Petitioner unless he is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order. At the bond hearing, the immigration judge must review all evidence related to Petitioner's danger and flight risk, and reach a reasoned decision regarding Petitioner's detention.

**IT IS SO ORDERED.**